UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA POWERS,

    Plaintiff,

v.

CHASE BANK USA, N.A.,

    Defendant.

_____/

Case No. 12-10814

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

    This matter comes before the Court on Defendant Chase Bank, N.A.'s motion to dismiss. For the reasons set forth below, Defendant's motion is GRANTED.

**I.**     **Facts**

    This is a consumer lending case. Plaintiff had a loan secured by a mortgage. Plaintiff defaulted on her loan obligations. (Def. Mot. 2.) Plaintiff alleges that she attempted to get a loan modification and/or negotiate in good faith a settlement for the subject property. (Compl. ¶ 8.) Plaintiff alleges that Defendant undertook to foreclose on the subject property without allowing Plaintiff to modify the loan. (Compl. ¶ 15.) Foreclosure by advertisement occurred and a sheriff's sale took place on August 10, 2010. (*Id.*; Def. Mot. 2.) Defendant purchased the property at the sheriff's sale. (Def. Mot. 2.) Plaintiff alleges that since the sheriff sale, Plaintiff has attempted in good faith to continue

1

with the settlement process to no avail. (Compl. ¶¶ 10, 23.)

On February 10, 2011, the six-month statutory redemption period expired. (Def. Mot. 2.) Plaintiff did not redeem the property before the redemption period expired. (Id.; Compl. ¶ 11.) Defendant initiated an eviction proceeding and received a judgment of possession in the eviction action on June 3, 2011. (Id.) On January 5, 2012, Plaintiff filed this action in the Oakland County Circuit Court. Defendant removed the case to this Court and filed a motion to dismiss on February 29, 2012. Plaintiff did not respond to Defendant's motion. On May 2, 2012, this Court ordered Plaintiff to file a responsive pleading by May 3, 2012. On May 3, 2012, Plaintiff filed a response.

## II.     Standard

Defendant brings this motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### A.     Rule 12(b)(1)

A party's lack of standing to prosecute a claim subjects a complaint to dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See e.g.*, *Allen v. Wright*, 468 U.S. 737 (1984); see also *Ward v. Alt. Health Delivery Sys., Inc.*, 261 F.3d 624, 626 (6th Cir. 2001) ("Standing is thought of as a 'jurisdictional' matter, and a plaintiff's lack of standing is said to deprive a court of jurisdiction."). To survive a 12(b)(1) motion, a plaintiff has the burden of proving jurisdiction. *Martinez v. Dep't of Homeland Sec.*, 502 F. Supp. 2d 631, 634 (E.D. Mich. 2007) (quotations omitted). Such motions must be granted if "taking as true all facts alleged by the plaintiff, the court is without subject matter jurisdiction to hear the claim." *Id.* (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

B.   Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief.  *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).  *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

"[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Id.* (internal quotation marks and citation omitted).  Thus:

> A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

### III.   Analysis

Defendant argues that Plaintiff's claims should be dismissed because: (1) Plaintiff lacks standing; (2) they are barred by the doctrine of laches; (3) they are barred by res judicata; (4) they are barred by the statute of frauds; and (5) MCL 600.3205 does not provide Plaintiff with any cause of action after the sheriff's sale occurs.

Plaintiffs' claims fail because once the redemption period following foreclosure of a property has expired, the former owner's rights in and title to the property are extinguished. At that point, the former owner loses standing to assert claims with respect to the property. In *Piotrowski v. State Land Office Board,* 302 Mich. 179 (1942), the Michigan Supreme Court held that the mortgagors had "lost all their right, title, and interest in and to the property at the expiration of their right of redemption." *Id.* at 185. The standard under *Piotrowski* has been applied by Michigan courts—and by federal courts applying Michigan law—to bar former owners from making any claims with respect to foreclosed property after the end of the redemption period. See *Stein v. U.S. Bancorp,* 2011 WL 740537 (E.D. Mich. Feb. 24, 2011) (Cook, J.); *Overton v. Mortg. Elec. Registration Sys.,* 2009 WL 1507342 (Mich. Ct. App. May 28, 2009) (dismissing former owner's claim of fraud

where redemption period expired one month after litigation was initiated). In *Overton*, the court held that the plaintiff's suit did not toll the redemption period and stated that the suit was merely the plaintiff's attempt to wage a collateral attack on the foreclosure of the property. *Overton*, 2009 WL 1507342, at *1. The redemption period will not be tolled in the absence of a clear showing of fraud or irregularity. *Schulthies v. Barron*, 16 Mich. App. 246, 247-48 (1969).

In this case, the sheriff's sale took place on August 10, 2010. The six-month statutory redemption period expired on February 10, 2011. There is no indication that Plaintiff made any attempt to redeem the property during the redemption period and Plaintiff did not file this case until January 5, 2012, eleven months after the redemption period expired. In the Complaint, Plaintiff asserts that "the action of the Defendants was intentionally designed to preclude the Plaintiff from entering into a Loan Modification or a negotiated settlement in order to keep possession of his home" (Compl. ¶¶ 14, 18) and that Defendants undertook to foreclose on the property without allowing Plaintiff to modify the loan (Compl. ¶¶ 15, 19). The Complaint mentions "fraud" only once in the Complaint, where Plaintiff asserts that she "has a superior claim to the interest in the subject property because of their Fee Simple Absolute and Unjust Enrichment, Breach of Implied Agreement, Misrepresentation, Fraud and Constructive Trust on the part of the Defendants." (Compl. ¶ 25.) This single mention of fraud in a laundry list of allegations is not sufficient to satisfy Plaintiff's burden of "a clear showing of fraud or irregularity" that is required to toll the redemption period.

In her Response, Plaintiff asserts that Defendant mislead Plaintiff into believing that she would obtain a loan modification or have a definitive decision on whether they would

obtain a loan modification before Defendants would go forward with a sheriff sale. These allegations are nowhere in the Complaint.

Moreover, Federal Rule of Civil Procedure provide that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 12(b). To satisfy Rule 9(b), the Sixth Circuit requires a plaintiff to "(a) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.,* 547 F.3d 564, 569-70 (6th Cir. 2008) (citations omitted). Furthermore, the court requires "a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relief; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161-62 (6th Cir. 1993).

Plaintiff's general fraud allegation that Defendant misled and made fraudulent statements is not sufficient to toll the redemption period. The redemption period has expired and Plaintiffs do not have standing to bring the claims asserted in this suit.

Because this Court finds that Plaintiff does not have standing, the Court declines to discuss Defendant's other arguments for dismissal.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.


    s/Nancy G. Edmunds

      Nancy G. Edmunds
      United States District Judge

Dated: May 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 30, 2012, by electronic and/or ordinary mail.

      s/Carol A. Hemeyer
      Case Manager